**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THIELA SUHENDRA SUGIARTO, | No. 11-72055 |
| Petitioner, | Agency No. A075-635-961 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Thiela Suhendra Sugiarto, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Sugiarto's untimely motion to reopen where the motion was filed almost three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Sugiarto failed to establish changed circumstances in Indonesia material to her claim, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution). We reject Sugiarto's contention that the BIA failed to consider her evidence.

The BIA also did not abuse its discretion in declining to reopen in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (petitioner must demonstrate prima facie eligibility for relief in order to reopen); *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (even under disfavored group analysis, some evidence of individualized risk is necessary for the petitioner to succeed).

We reject Sugiarto's contention that her due process rights were violated because the BIA denied her motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). We reject Sugiarto's contention that the BIA erred by failing to address her pattern or practice of

persecution claim.

Finally, we deny Sugiarto's request for judicial notice, set forth in her reply brief.

**PETITION FOR REVIEW DENIED.**